UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROGER A. LIBBY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 2:24-cv-00011-JMB |
| ERIC J. LIBBY, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Now pending before the Court is Plaintiff's Motion for Service by the United States Marshal. Doc. [15].  The Motion is **DENIED** and this matter is **DISMISSED without prejudice**.

Plaintiff Roger A. Libby[1] filed a Complaint on January 30, 2024 alleging breach of contract against his brother, Eric J. Libby, related to the estate of their mother, Jennifer Libby.  Plaintiff alleges that he agreed with his brother to divide their mother's estate equally but that his brother violated the terms of the contract by withdrawing cash from the late Ms. Libby's bank account and removing property from her former home.

On May 8, 2024, Plaintiff was ordered to file proof of service and warned that failure to do so would result in dismissal without prejudice. Doc. [10].  After Plaintiff requested more time, he was instructed on how to obtain service and directed to file a proof of service or a waiver by July 29, 2024. Doc. [13].  No proof of service nor waiver has been filed.  Plaintiff now requests service by the United States Marshal.

Plaintiff is not proceeding *in forma pauperis.* Doc. [6].  As such, Federal Rule of Civil Procedure 4(c)(3) provides that the Court *may* order that service be made by the United States

---

[1] Plaintiff is currently incarcerated at the Lovelock Correctional Center in Lovelock, Nevada.

Marshal or deputy marshal. *Yates v. Baldwin*, 633 F.3d 669, 672 (8th Cir. 2011) (noting that it is within the Court's discretion to direct service by the marshal if a plaintiff is not proceeding *in forma pauperis*). In his Motion, Plaintiff states that he mailed a copy of the summons and complaint along with a waiver of service request upon Defendant but that it was not returned to him. He does not indicate what other steps he has taken to effectuate service even though he is aware of Defendant's home address. There is no evidence or indication that Defendant is attempting to evade service. The Court also notes that while the Rules encourage a defendant to waive service of process, it is not a requirement. Under these circumstances, and Plaintiff's financial ability to hire a process server and apparent ability to monitor his brother's activities as set forth in the amended complaint, appointing the United States Marshal to serve Defendant is not warranted.

    Rule 4(m) requires service of process within 90 days of the filing of a complaint. Plaintiff has been given two opportunities to serve Defendant and has failed to do so by the deadline. He has offered no good cause to extend the deadline further and has been warned of the consequences. *See Lujano v. Omaha Public Power Dist.*, 30 F.3d 1032, 1035 (8th Cir. 1994) (holding that good cause for failing to timely serve requires a showing of excusable neglect, which in turn requires good faith and a reasonable basis for noncompliance). Accordingly, this matter is **DISMISSED without prejudice**.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

Dated this 31st day of July, 2024