UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROGER A. LIBBY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:24 CV 11 JMB |
| ERIC J. LIBBY, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Now pending before the Court is Plaintiff's Motion for Reconsideration and to Vacate Order (Doc. 22). For the reasons set forth below, the Motion is **GRANTED in part**.

Plaintiff Roger A. Libby[1] filed a Complaint on January 30, 2024, alleging breach of contract against his brother, Eric J. Libby, related to the estate of their mother, Jennifer Libby. Plaintiff alleges that he agreed with his brother to divide their mother's estate equally but that his brother violated the terms of the contract by withdrawing cash from the late Ms. Libby's bank account and removing property from her former home. When Plaintiff filed an amended complaint on the Court's approved form, he also included a summons listing Eric J. Libby's address, however it was unsigned by the Clerk of Court (Doc. 4). Plaintiff's request to proceed *in forma pauperis* was denied on March 11, 2024, but he had already paid the full filing fee (Docs. 7 and 8).

On May 8, 2024, Plaintiff was ordered to file proof of service and warned that failure to do so would result in dismissal without prejudice (Doc. 10). In response to that Order, Plaintiff filed a "Declaration to show good cause for delay and request for waiver of service of summons served on defendant" in which he indicated that he mailed a copy of the complaint and a waiver of service

---

[1] Plaintiff is currently incarcerated at the Lovelock Correctional Center in Lovelock, Nevada.

form to Defendant on May 14, 2024 but that it was not returned as of the date of the declaration (June 4, 2024) (Doc. 12). He further indicated that the Clerk had not returned a signed copy of the summons he had previously submitted along with his amended complaint. The Court construed that declaration as a motion for extension of time and directed Plaintiff to file a Notice of Intent to Use Process Server in order for the Clerk to issue summons (Doc. 13). The Court also informed Plaintiff that he could request service of process by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). Finally, the Court extended the time to file a waiver of service or proof of service to July 29, 2024.

No proof of service nor waiver was filed by the deadline. Instead, Plaintiff filed a "Declaration of Roger Libby and request for an Order to have the Defendant Served via the U.S. Marshal's Service" (Doc. 15) on June 20, 2024. Plaintiff's request was denied on July 31, 2024, and this matter was dismissed without prejudice for failure to timely serve Defendant pursuant to Rule 4(m) and the Orders of the Court (Doc. 20).

Plaintiff now seeks reconsideration of the order dismissing his case. He argues that he complied with the previous orders of this Court, that he has not been provided with a summons by the Clerk of Court and therefore was not able to effectuate service, and that he should have been given the opportunity to serve Defendant after his request for service by the U.S. Marshal was denied. He further argues that he has been penalized for the Clerk's failure to provide summons. In a supplement, Plaintiff states that Defendant has attempted to evade service by failing to waive service of process (Doc. 23). He further seeks reconsideration of the denial of service by the United States Marshal.

**Discussion**

Motions to reconsider are limited to correcting "manifest errors of law or fact or to present newly discovered evidence." Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 721 (8th Cir. 2010) (quotation marks and citations omitted); Nelson v. Am. Home Assur. Co., 702 F.3d 1038, 1043 (8th Cir. 2012) (stating that motions to reconsider non-final orders are essentially Federal Rule of Civil Procedure 60(b) motions). They cannot be used to present new arguments or evidence that could have been raised in the previous motion or to reargue previous positions. Arnold, 627 F.3d at 721; Broadway v. Norris, 193 F.3d 987, 989-990 (8th Cir. 1999). Relief is justified in this matter.

Federal Rule of Civil Procedure 4(m) provides that the Court, on its own motion after notice, must dismiss without prejudice a complaint that is not served within 90 days of filing. That deadline can be extended, and was extended in this case, upon a showing of good cause. Plaintiff mistakenly anticipated that, in addition to granting an extension, this Court would allow service by the United States Marshal and therefore identified the United States Marshal as the process server in his Notice of Intent to Use Process Server. While the Court will not exercise its discretion and appoint the United States Marshal for service of process, because Plaintiff has the means and ability to hire a process server and is not proceeding *in forma pauperis*, Plaintiff shall be permitted to identify another process server and attempt service of process. A review of the docket reveals that summons has not been issued by the Clerk and that Plaintiff has not been able to serve the Defendant.

Accordingly,

**IT IS HEREBY ORDERED** that the July 31, 2024 Memorandum and Order (Doc. 20) is **VACATED in part** only as to the holding that this matter is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank Notice of Intent to Use Process Server along with a copy of this Memorandum and Order.  Plaintiff shall complete the form and return it to the Clerk of Court within 30 days of the date of this Order.  Upon receipt, the Clerk of Court shall issue summons to the process server (and shall so notate in the docket) and Plaintiff shall ensure that the process server has a copy of the complaint for service of process in accordance with Rule 4(c).   If Defendant is not served within 60 days of the date of this Order, Plaintiff shall promptly inform the Court what steps he intends to take in order to properly serve Defendant.

**IT IS FURTHER ORDERED** that if Defendant is not served and/or Plaintiff does not inform the Court what steps he will take to effectuate service within 65 days of the date of this Order, this matter shall be dismissed without prejudice.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of October, 2024