UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| ROGER A. LIBBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24 CV 11 JMB |
| | ) | |
| ERIC J. LIBBY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Roger Libby's Motion for Entry of Default Judgment, which the Court construes as a motion for default judgment under Fed. R. Civ. P. 55(b)(2) (Doc. 34). Plaintiff seeks entry of judgment against Defendant Eric Libby, his brother, on a breach of contract claim, along with monetary damages in the amount of $235,928.33. For the following reasons, the Court will deny the motion and dismiss Plaintiff's claim.

## Background

On January 30, 2024, Plaintiff filed this diversity suit against Defendant, asserting a state law breach of contract claim (Doc. 1). In his pro se amended complaint, Plaintiff alleges that he and Defendant agreed to divide their late mother's estate equally (Doc. 4). With respect to the agreement, Plaintiff specifically alleges the following:

> On Thursday, March 16, 2023, at approximately 4:10 p.m. Pacific time, Plaintiff phoned his defendant brother on their mother's cell phone…from the Lovelock Correctional Center ["LCC"]. The sole purpose of this telephone meeting was to discuss their mother's recent death and to agree upon a set of terms for the division of cash assets located in their mother's bank account and the community property belonging to [her] estate….
>
> During this brief telephone meeting, both parties expressly agreed that all such assets should be divided equally between them. An oral, recorded contract with

>mutuality of obligation upon both parties for the fifty percent equal division of all the community property and cash assets of said estate….

Id. at 6. Plaintiff maintains that a recording of the agreement exists in the prison phone system at the LCC. Id. at 7. Plaintiff further alleges that, prior to the commencement of probate proceedings in connection with their mother's estate, Defendant withdrew $220,402.66 from her checking account and started pilfering items from her residence. Id. at 7-11.

Plaintiff seeks a declaratory judgment that a lawful contract exists between the parties entitling him to 50% of all the cash assets and community property that belonged to his mother's estate. Plaintiff also seeks monetary damages, including actual damages equivalent to half of the total value of cash assets and community property that Defendant removed from their mother's estate. Id. at 15. Plaintiff contends that his action "does not involve the administration of an estate, the probate of a will, nor does it seek to disturb or affect the possession of any property in the custody of state court."[1] Id.

On December 2, 2024, Plaintiff filed a proof of service, indicating that Defendant was personally served on November 12, 2024, at the Fulton Reception and Diagnostic Center (Doc. 29).[2] On December 17, 2024, Plaintiff filed a motion for entry of default judgment, which the Court construed as one for entry of default by the Clerk of Court pursuant to Fed. R. Civ. P. 55(a)

---

[1] The court notes that, despite Plaintiff's disclaimer, the probate exception to subject matter jurisdiction would preclude this Court from "endeavoring to dispose of property that is in the custody of state probate court." See Crain v. Crain, 72 F.4th 269, 277 (8th Cir. 2023) (quotation omitted) (discussing the probate exception). Nevertheless, "as long as they do not interfere with the state probate court's possession of the property, federal courts are empowered to adjudicate the parties' rights in the property and enter an order declaring such rights." Id. (citation omitted).

[2] Plaintiff initially mailed a copy of the summons and complaint along with a waiver of service request to Defendant, but it was not returned to him. He subsequently requested service by the United States Marshal, which the Court denied (Doc. 20).

(Docs. 30, 31). On December 26, 2024, the Clerk granted an entry of default against Defendant (Doc. 32). The issue of whether Plaintiff is entitled to default judgment is now before the Court.

## Legal Standard

A court may order default judgment under Rule 55(b)(2) following the entry of default by the Clerk of Court under Rule 55(a). The Court's decision to enter a default judgment is discretionary. Belcourt Pub. Sch. Dist. v. Davis, 786 F.3d 653, 661 (8th Cir. 2015). Default judgments, however, are not favored by the law, United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and the entry of default judgment should be a "rare judicial act," Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quotation omitted). This is because there is a judicial preference for adjudication on the merits. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998). Thus, "[e]ven when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right." Walton v. Pennington, No. 4:14-CV-1804-CAS, 2016 WL 5076181, at *2 (E.D. Mo. Sept. 14, 2016) (citing 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2014)).

Upon entry of default, "the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010) (quotation and citation omitted). Therefore, "[p]rior to the entry of a discretionary default judgment, this Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of its claim." Walton, 2016 WL 5076181, at *2 (citation omitted); see also Marshall v. Baggett, 616 F.3d 849, 852-53 (8th Cir.

2010) ("it is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment").

## Discussion[3]

A district court sitting in diversity applies the law of the state in which is sits. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); see also Am. Fam. Mut. Ins. Co. v. Co Fat Le, 439 F.3d 436, 439 (8th Cir. 2006). To prevail on a breach of contract claim under Missouri law, a plaintiff must establish: "(1) a contract; (2) the parties had rights and obligations under the contract; (3) breach, and (4) damages." Roe v. St. Louis Univ., 746 F.3d 874, 885-86 (8th Cir. 2014) (citing Kieffer v. Icaza, 376 S.W.3d 653, 657 (Mo. banc 2012)). "The essential elements of a contract are: (1) competency of the parties to contract; (2) proper subject matter; (3) legal consideration; (4) mutuality of agreement; and (5) mutuality of obligation." Pierson v. Kirkpatrick, 357 S.W.3d 293, 299 (Mo. Ct. App. 2012) (quotation omitted).

Here, the Court finds that the essential elements of a contract claim are not met, most distinctly that of legal consideration. Consideration is created by "either a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party." Jimenez v. Cintas Corp., 475 S.W.3d 679, 683-84 (Mo. Ct. App. 2015) (quotation omitted). Plaintiff's amended complaint allegations do not suggest that the purported agreement was supported by any form of legal consideration, nor do any allegations in the amended complaint

---

[3] As an initial matter, Plaintiff has failed to file a memorandum in support of his motion for default judgment as required by Local Rule 4.01. E.D. Mo. Local Rule 4.01(A) ("Unless otherwise directed by the Court, the moving party must file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies."); see also Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986) (a pro se litigant is not excused from complying with substantive and procedural law).

permit the Court to infer that some form of consideration might exist.  Plaintiff is therefore not entitled to default judgment on his breach of contract claim.

Because the Court finds Plaintiff has failed to allege the essential elements of his claim, it will dismiss Plaintiff's claim against Defendant.  See McCoy v. Carter-Jones Timber Co., 352 Fed. Appx. 119, 121-22 (8th Cir. 2009) ("Though defendant…did not file a motion to dismiss, the district court was within its discretion to sua sponte dismiss claims against her."); Smith v. Boyd, 945 F.2d 1041, 1042-43 (8th Cir. 1991) ("We now hold that a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process"); see also Cook v. Fam. Motors, LLC, No. 4:21-cv-00930-RK, 2022 WL 3269946, at *7 (W.D. Mo. Aug. 10, 2022) (denying the plaintiff's motion for default judgment in a diversity suit and dismissing the action without prejudice, where the plaintiff's amended complaint failed to allege legitimate state law claims; citing Smith); Joe Hand Promotions Inc. v. El Borracho, LLC, No. 4:11-CV-1637 (CEJ), 2012 WL 1134804, at *2 (E.D. Mo. Apr. 4, 2012).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Doc. 34), which the Court construes as a motion for default judgment under Rule 55(b)(2), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant for breach of contract is **DISMISSED without prejudice**.

Dated this 23rd day of January, 2025

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE