UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROGER A. LIBBY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24 CV 11 JMB |
| ERIC J. LIBBY, | ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Roger Libby's Motion for Reconsideration and Vacatur of this Courts January 23, 2025 Order in Full (Doc. 37). On January 17, 2025, Plaintiff filed a Motion for Entry of Default Judgment (hereinafter, the "motion") (Doc. 34). On January 23, 2025, the Court entered an Order construing the motion as one for default judgment under Fed. R. Civ. P. 55(b)(2), denying the motion, and dismissing the matter without prejudice based on Plaintiff's failure to allege a legitimate cause of action (Doc. 35). Plaintiff seeks reconsideration, arguing that the Court erred in construing the motion as one under Rule 55(b)(2) and in dismissing his action, and that the Clerk of Court should have entered default judgment pursuant to Rule 55(b)(1).

The Federal Rules of Civil Procedure do not expressly contemplate a "motion to reconsider." Bliv, Inc. v. Charter Oak Fire Ins. Co., No. 4:22CV869 HEA, 2024 WL 2831110, at *1 (E.D. Mo. June 3, 2024) (citations omitted). Federal courts generally construe such a motion under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Id. (citation omitted). Rule 59(e) allows courts "to rectify its own mistakes in the period immediately following the entry of judgment," so long as any motion to amend or alter the judgment is filed no

later than 28 days after entry of judgment. Burckhard v. BNSF Ry. Co., 837 F.3d 848, 857 (8th Cir. 2016) (quotation omitted). Motions brought pursuant to Rule 59(e) "'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" Moore v. Stange, No. 1:21-CV-114 JSD, 2024 WL 4144098, at *2 (E.D. Mo. Sept. 11, 2024) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)). Rule 60(b) motions, on the other hand, may be used at any time to "reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or any other reason that justifies relief." Id. (internal quotations omitted); see also Fed. R. Civ. P. 60(b) (setting forth grounds upon which a court may grant relief from judgment or order). Under Eighth Circuit law, a party moving for reconsideration pursuant to Rule 60(b) must "establish exceptional circumstances to obtain the extraordinary relief the rule provides." Moore, 2024 WL 4144098, at *2 (quotation omitted). A district court generally has broad discretion in determining whether to grant a motion to reconsider. Id.

Plaintiff argues that the Clerk of Court should have entered default judgment in this matter pursuant to Rule 55(b)(1). Rule 55(b)(1) provides that "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Plaintiff contends that the motion set forth a sum certain (i.e., $235,928.33) in accordance Rule 55(b)(1). The Court disagrees. Plaintiff offered no explanation for how he arrived at this number, which notably differs from the total sum of monetary damages alleged in his Amended Complaint. See Topolski v. Wrobleski, No. 5:13-CV-0872 (LEK/DEP), 2014 WL 2215761, at *9 n.6 (N.D.N.Y. May 29, 2014) (noting that a motion

for default judgment under Rule 55(b)(1) cannot be granted when a plaintiff provides "no basis" for the damages sought; a "claim does not become certain merely because the complaint or affidavit identifies a purported total"); Fox v. Delgado, No. 2:11-CV-0419 JAM AC, 2013 WL 552849, at *3 (E.D. Cal. Feb. 13, 2013), report and recommendation adopted, No. 2:11-CV-0419 JAM AC, 2013 WL 1624889 (E.D. Cal. Apr. 15, 2013) (finding default judgment under Rule 55(b)(1) inappropriate, where plaintiffs claimed total sum in non-economic damages with no explanation as to how they arrived at that number).   Furthermore, contrary to Plaintiff's assertion that he had abandoned his request for declaratory relief, Plaintiff's affidavit in support of default judgment made the following reference in describing the relief sought: "See Amended Civil Complaint (Doc 4) at Page 5j and 5k under relief sought" (Doc. 34 at 3).   In this section of Plaintiff's Amended Complaint, he sought declaratory relief; actual, compensatory, and punitive damages; and attorney's fees and costs (Doc. 4 at 15-16).   Thus, Plaintiff's claim was not for a sum certain, and default judgment under Rule 55(b)(1) would have been inappropriate.

Plaintiff does not point to any manifest error, mistake, newly discovered evidence, fraud, or other exceptional circumstance that would justify relief under either Rule 59(e) or Rule 60(b).[1] The Court will therefore deny Plaintiff's motion for reconsideration.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration and Vacatur of this Courts January 23, 2025 Order in Full (Doc. 37) is **DENIED**.

Dated this 24th day of February, 2025.

/s/ 
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Plaintiff argues that he plausibly alleged the essential elements of his breach-of-contract claim (Doc. 37 at 5-6), the Court finds his argument unsupported by the record.